FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ MAY 28 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LASHAWN LAWRENCE,

                      Plaintiff,

      -against-

SUFFOLK COUNTY, VINCENT DEMARCO, Sheriff,
and "JOHN DOE," Correctional Officer,

                      Defendants.
------------------------------------------------------------X

**ORDER**
13-CV-1743 (SJF)(AKT)

FEUERSTEIN, District Judge:

On March 5, 2013, incarcerated *pro se* plaintiff Lashawn Lawrence ("plaintiff"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Suffolk County ("the County"), Sheriff Vincent DeMarco ("Sheriff DeMarco") and "John Doe," identified only as a correctional officer, in the United States District Court for the Western District of New York, accompanied by an application to proceed *in forma pauperis*. By order dated March 28, 2013, the Honorable Michael A. Telesca, United States District Judge for the Western District of New York, transferred the action to this Court pursuant to 28 U.S.C. § 1406(a) on the basis that the complaint alleges that plaintiff's constitutional rights were violated while he was in the custody of the Suffolk County Jail[1], which is located within the Eastern District of New York. Since plaintiff's financial status, as set forth in the declaration accompanying his application to proceed *in forma pauperis*, qualifies him to commence this action without the prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the application to

---

[1] Although plaintiff does not specifically allege that the conduct of which he complains occurred at the Suffolk County Jail, he indicates that he did not file a grievance concerning the challenged conduct because he is "no longer in the custody of Suffolk County." (Compl. at 6.)

1

proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed in part pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

I.  Background[2]

In September 2011, while plaintiff was incarcerated at an unspecified facility in Suffolk County, he was returning from a visit when "John doe 3.S.W" told him that an inmate named Shawn Lawrence ("Shawn") was upset that he had been denied a visit "do [sic] to the fact [he and plaintiff] had simular [sic] names." (Compl. at 5). After plaintiff was subsequently attacked by Shawn, "John Doe" said: "I hope it [sic] over im [sic] not moving any one." (Id.) Plaintiff was again attacked and sustained "physical injury," for which he received seven (7) stitches to his right ear. (Id.) Plaintiff seeks an unspecified amount of compensatory and punitive damages. (Id.)

II.  Discussion

A.  Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and

---

[2] All material allegations in the complaint are assumed to be true for purposes of this order, see, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

2

1915(e)(2)(B)(i-iii). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are obliged to read *pro se* complaints plaintiff liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011), and to construe them "to raise the strongest arguments [that they] suggest[]." Jabbar v. Fischer, 683 F.3d 54, 56 (2d Cir. 2012) (quotations, alterations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S. Ct. at 2200 (quotations and citations omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied, 133 S. Ct. 846, 184 L. Ed. 2d 655 (Jan. 7, 2013) (accord). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). The plausibility standard requires "more that a sheer possibility

3

that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011) (accord).

B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (citing Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

1. Municipal Liability

"[A] municipality [or municipal entity] can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality [or municipal entity]." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v.

4

Humphries, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018)); Humphries, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S.Ct. 1741, 182 L.Ed. 2d 528 (2012). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359.

In addition, municipal liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality [or municipal entity] by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but

5

failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent." Id.; see also Cash, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. See Santos v. New York City, 847 F. Supp.2d 573, 576 (S.D.N.Y. 2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." Id. Since the complaint is devoid of any factual allegations tending to support an inference that a municipal policy or custom existed that caused the conduct of which plaintiff complains, it fails to state a plausible Section 1983 claim against the County. See Murray v. Johnson No. 260, 367 F. App'x 196, 197 (2d Cir. 2010) (summary order) (affirming dismissal of the plaintiff's deliberate indifference claim against the municipality where the plaintiff failed to show an official policy or directive that caused the medical staff or prison guards unreasonably to act). Accordingly, the complaint is dismissed in its entirety as against the County pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

2. Claims against Sheriff DeMarco

A Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); see also Costello v. City of Burlington, 632 F.3d 41, 48-9 (2d Cir. 2011). "Personal involvement" may be established by

6

evidence of direct participation in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Back v. Hastings on Hudson Union Free School District, 365 F.3d 107, 127 (2d Cir. 2004); Johnson v. Newburgh Enlarged School District, 239 F.3d 246, 254-55 (2d Cir. 2001). "The fact that [a defendant] was in a high position of authority is an insufficient basis for the imposition of personal liability." Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989); see also Back, 365 F.3d at 127; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello, 632 F.3d at 48-9.

Plaintiff has not alleged the direct participation of Sheriff DeMarco in any of the wrongdoing alleged in his complaint, nor any basis upon which to find Sheriff DeMarco liable in a supervisory capacity. Accordingly, plaintiff's Section 1983 claims against Sheriff DeMarco are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.

C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "[l]eave to amend [ ] may be properly

7

denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,'" Rutolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008), "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Accordingly, plaintiff is granted leave to amend his complaint to replead his claims against the County and Sheriff DeMarco, **provided that any such amended complaint is filed on or before July 3, 2013, or the complaint will be deemed dismissed in its entirety with prejudice and judgment shall enter in favor of the County and Sheriff DeMarco.** The amended complaint must be titled "amended complaint" and bear the same docket number as this order, and it shall be reviewed pursuant to 28 U.S.C. § 1915A. Since any amended complaint will supercede the original complaint, the amended complaint must include all valid claims and allegations plaintiff wishes to pursue against the County, Sheriff DeMarco and "John Doe," as well as any other individual personally involved in the alleged constitutional violations of which plaintiff complains.

D. Claims against "John Doe"

The United States Marshal Service cannot serve "John Doe" without more information

regarding his identity. Since the Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of "John Doe" officers, see Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Clerk of the Court shall serve copies of the complaint and this Order upon the Suffolk County Attorney, who shall attempt to ascertain the full name and service address of the "John Doe" officer who was involved in the incident described in the Complaint and provide such information to the Court **within two (2) weeks from the date that this Order is served upon him.** The Suffolk County Attorney need not undertake to defend or indemnify the "John Doe" officer at this juncture, as this Order merely provides a means by which plaintiff may identify and properly serve the "John Doe" officer as instructed by the Second Circuit in Valentin. Once the information is provided by the Suffolk County Attorney, plaintiff's complaint shall be deemed amended to reflect the full name of the "John Doe" officer, a summons shall be issued and the United States Marshal Service shall serve that defendant.

III.  Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; the complaint is *sua sponte* dismissed in its entirety without prejudice as against the County and Sheriff DeMarco pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief, **provided that plaintiff file an amended complaint in accordance with this order on or before July 3, 2013, or the complaint will be deemed dismissed in its entirety with prejudice as against the County and Sheriff DeMarco and judgment shall enter in favor of the County and Sheriff DeMarco.** The Clerk of the Court shall send a copy of the complaint and this Order to the Suffolk County Attorney and the Suffolk

9

County Attorney shall attempt to ascertain the full name and service address of the "John Doe" officer involved in the incident described in the Complaint and **to produce such information to the Court within two (2) weeks from the date that this Order is served upon him.** Once the information is provided by the Suffolk County Attorney, plaintiff's complaint shall be deemed amended to reflect the full name of the "John Doe" officer, a summons shall be issued and the United States Marshal Service shall serve that defendant.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated: May 28, 2013
      Central Islip, New York