FILED
CLERK
5/8/2015 5:45 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LASHAWN LAWRENCE,

               Plaintiff,                         13-CV-1743 (SJF)(AKT)

   -against-

                                                   **OPINION & ORDER**

CORRECTIONS OFFICER THOMAS SHARKEY,
and CORRECTIONS OFFICER MICHAEL
McCORMACK,

               Defendants.
----------------------------------------------------------------X
FEUERSTEIN, J.

On or about March 5, 2013, incarcerated *pro se* plaintiff Lashawn Lawrence ("plaintiff"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County ("the County"); Sheriff Vincent DeMarco ("Sheriff DeMarco"); and a "John Doe" defendant, identified only as a corrections officer, in the United States District Court for the Western District of New York, accompanied by an application to proceed *in forma pauperis*. By order dated March 28, 2013, the Honorable Michael A. Telesca, United States District Judge for the Western District of New York, transferred the action to this Court pursuant to 28 U.S.C. § 1406(a) on the basis that the complaint alleges that plaintiff's constitutional rights were violated while he was in the custody of the Suffolk County Jail, which is located within the Eastern District of New York.[1] By order dated May 28, 2013, *inter alia*, plaintiff's application to proceed *in forma pauperis* was granted; plaintiff's claims against the County and Sheriff

---

[1] Although plaintiff does not specifically allege that the conduct of which he complains occurred at the Suffolk County Jail, he indicates that he did not file a grievance concerning the challenged conduct because he is "no longer in the custody of Suffolk County." (Compl. at 6.)

1

DeMarco were *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief unless plaintiff filed an amended complaint in accordance with that order on or before July 3, 2013; and the County Attorney was directed to attempt to ascertain the full name and service addresses of the "John Doe" corrections officer and to provide that information to the Court. (Docket Entry ["DE"] 8). By order dated July 11, 2013, the Court granted plaintiff an extension of time to file an amended complaint until August 5, 2013. (DE 12).

On or about August 6, 2013, the County Attorney identified Corrections Officers Thomas Sharkey ("C.O. Sharkey") and Michael McCormack ("C.O. McCormack") as the possible "John Doe" defendant. (DE 13). Accordingly, pursuant to the May 28, 2013 order, C.O. Sharkey and C.O. McCormack (collectively, "defendants") were added as defendants in lieu of the "John Doe" defendant in this case.

By order dated October 23, 2013, plaintiff's claims against the County and Sheriff DeMarco were *sua sponte* dismissed in their entirety with prejudice for his failure to file an amended complaint in accordance with the May 28, 2013 and July 11, 2013 orders. (DE 16).

Pending before the Court is defendants' unopposed motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth herein, defendants' motion is denied with leave to renew.

I. Allegations in the Complaint

In September 2011, while plaintiff was incarcerated at an unspecified facility in Suffolk County, he was returning from a visit when "John doe 3.S.W" told him that an inmate named

Shawn Lawrence ("Shawn") was upset that he had been denied a visit "do [sic] to the fact [he and plaintiff] had simular [sic] names." (Compl. at 5). After plaintiff was subsequently attacked by Shawn, "John Doe" said: "I hope it [sic] over im [sic] not moving any one." (Id.) Plaintiff was again attacked and sustained "physical injury," for which he received seven (7) stitches to his right ear. (Id.) Plaintiff seeks an unspecified amount of compensatory and punitive damages. (Id.)

II.     Discussion

   A.     Standard of Review

In deciding a Rule 12(c) motion, the same standard as applicable to a motion to dismiss under Rule 12(b)(6) is employed. See Alcantara v. Bakery and Confectionery Union and Indus. Int'l Pension Fund Pension Plan, 751 F.3d 71, 75 (2d Cir. 2014); Hogan v. Fischer, 738 F.3d 509, 514-15 (2d Cir. 2013). Thus, the standard of review on a motion made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); see also Hogan, 738 F.3d at 514; In re Thelen LLP, 736 F.3d 213, 218 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937; see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 730

3

(2d Cir. 2013).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6) or Rule 12(c), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See In re September 11 Litig., 751 F.3d 86, 90 (2d Cir. 2014), cert. denied sub nom Cedar & Washington Assocs, LLC v. Port Auth. of N.Y. and N.J., 135 S. Ct. 742, 190 L. Ed. 2d 440 (2014); Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P., 737 F.3d 166, 176 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937; see also Mirabilio v. Regional Sch. Dist. 16, 761 F.3d 212, 213 (2d Cir. 2014). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss [or for judgment on the pleadings] can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.; see also Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87-88 (2d Cir. 2013), cert. denied, 134 S. Ct. 918, 187 L. Ed. 2d 781 (2014).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond

4

what is needed to make the claim plausible." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-1 (2d Cir. 2010); see also Pension Benefit, 712 F.3d at 729-30. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S. Ct. 1937.

The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also In re Thelen, 736 F.3d at 218. Nonetheless, the County's contentions on its Rule 12(c) motion are based entirely on matters outside the pleadings, i.e., an affidavit of Corrections Sergeant Matthew Bogert and the exhibits annexed thereto, including the Inmate Handbook of the Suffolk County Sheriff's Office and incident reports completed by defendants, (Affirmation of Brian C. Mitchell ["Mitchell Aff."], ¶ 3), which are not attached to, incorporated by reference in, or integral to the complaint. Nor may the Court properly take judicial notice of such items.

    B.    Consideration of Extrinsic Material

        1.    Fed. R. Civ. P. 12(d)

Rule 12(d) of the Federal Rules of Civil Procedure provides:

> "If, on a motion under Rule * * * 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

Accordingly, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, defendants' motion for judgment on the pleadings will be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

        2.        Notice and Opportunity to Present Material

"Ordinarily, formal notice is not required where a party should reasonably have recognized the possibility that the motion might be converted into one for summary judgment and was neither taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings." Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009) (quotations, brackets and citations omitted); see also Sira v. Morton, 380 F.3d 57, 68 (2d Cir. 2004) ("A party is deemed to have notice that a motion may be converted into one for summary judgment if that party 'should reasonably have recognized the possibility' that such a conversion would occur." (quoting Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir.1999))). "The district court's conversion of a Rule 12(b)(6) [or Rule 12(c)] motion into one for summary judgment is governed by principles of substance rather than form." M.J.M. Exhibitors, Inc. v. Stern (In re G. & A. Books, Inc.), 770 F.2d 288, 295 (2d Cir. 1985). "The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." Id. "Resolution of this issue will necessarily depend largely on the facts and circumstances of each case." Id.

"Notice is particularly important for a *pro se* litigant, who must be unequivocally informed of the meaning and consequences of conversion to summary judgment." Parada v.

Banco Indus. De Venezuela, C.A., 753 F.3d 62, 68 (2d Cir. 2014) (quotations, brackets and citation omitted). In this regard, Rule 12.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 12.1") provides, in relevant part:

> "A represented party moving * * * for judgment on the pleadings against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Fed. R. Civ. P. * * * 12(c), shall serve and file the * * * notice [provided therein] *with the full text of Fed. R. Civ. P. 56 attached at the time the motion is served*. If the Court rules that a motion * * * for judgment on the pleadings will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56, and the movant has not previously served and filed the notice required by this rule, the movant shall amend the form notice to reflect that fact and shall serve and file the amended notice within fourteen days of the Court's ruling."

Local Civil Rule 12.1 (emphasis added).

On September 6, 2013, defendants served plaintiff with, *inter alia*, their motion for judgment on the pleadings, accompanied by a "Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings" ("the Rule 12.1 Notice"). (See DE 19(4) and (10)). However, although the Rule 12.1 Notice indicates that "[t]he full text of Rule 56 of the Federal Rules of Civil Procedure is attached [thereto]," the documents filed by defendants do not include the full text of Rule 56. Considering, *inter alia*, that plaintiff is proceeding *pro se* in this action and has not served or filed any opposition to the instant motion, it cannot be said that he should have recognized the full consequences of defendants' motion being converted into one for summary judgment from their incomplete Rule 12.1 Notice. Accordingly, defendants' motion is denied with leave to renew upon evidence that **on or before May 22, 2015**, they re-served their original motion papers upon plaintiff, together with (a) an amended Rule 12.1 Notice, with the full text of Rule 56 of the Federal Rules of Civil Procedure attached, as required

7

by Local Civil Rule 12.1, and (b) a copy of this Order. Plaintiff is advised that he must file any response to defendants' motion, and present all material pertinent thereto, **on or before June 22, 2015**, or it will be decided as unopposed. Defendants must file their renewed motion for judgment on the pleadings in accordance with this Order **on or before July 6, 2015**.

III.     Conclusion

For the reasons stated herein, defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and is denied with leave to renew in accordance with this Order. Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order on all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

                                                    /s/
                                      SANDRA J. FEUERSTEIN
                                      United States District Judge

Dated: May 8, 2015
       Central Islip, N.Y.